**ORDERED in the Southern District of Florida on October 26, 2026.**

**Scott M. Grossman, Chief Judge**
**United States Bankruptcy Court**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ELBA ESTHER GARCIA, Case No. 26-23841-SMG

Debtor. Chapter 7
______________________________/

**ORDER (I) GRANTING IN PART AND DENYING IN PART DEBTOR'S MOTION TO RECONSIDER AND (II) AMENDING INSTALLMENT PAYMENT SCHEDULE**

Debtor Elba Esther Garcia filed a voluntary chapter 7 petition[1] on October 16, 2026. Along with the petition, Ms. Garcia filed an *Application for Waiver of Chapter 7 Filing Fee*.[2] On October 20, 2026, the Court entered an *Order (I) Denying Debtor's Application to Have the Chapter 7 Filing Fee Waived and (II) Requiring Installment*

[1] Dkt. No. 1.
[2] Dkt. No. 4.

*Payments*,[3] on the basis that Ms. Garcia's income – as stated on her application – exceeds 150 percent of the official poverty line for a family of her size. There is no dispute that Ms. Garcia's application states that her household consists of three people and reports total average net monthly income of $4,523.00. There is also no dispute that one hundred fifty percent of the applicable poverty guideline for a family of three is $3,415.00 per month.

On the same day that the Court entered the Order, Ms. Garcia, through her attorney, filed a motion[4] under Federal Rule of Bankruptcy Procedure 9024 seeking reconsideration of the Court's Order. She makes three arguments. First, she contends that eligibility for a fee waiver turns on *both* her income and her inability to pay in installments, and that she is eligible for a fee waiver based upon the special circumstances information in her application (rent arrears of $14,850.00, a landlord's termination notice, months of unemployment, and her receipt of SNAP benefits).[5] Second, she explains that the income she reported was an estimate of a full month's gross pay at a job she has held for two weeks, that she has not yet received a paycheck, and that she intends to file an amended Schedule I reflecting payroll deductions. She also notes that her six-month average current monthly income was $1,553.00.[6] Third, she notes that the body of the Order names a different debtor, Shirley Sterling, leaving her unsure whether her circumstances were considered.[7] Finally, as an

---

[3] Dkt. No. 10.
[4] Dkt. No. 11.
[5] *Id.* at ¶¶ 4 – 8.
[6] *Id.* at ¶¶ 3, 5.
[7] *Id.* at ¶ 9.

alternative, Ms. Garcia asks that the fee be payable in four installments instead of two, the first due within 60 days and the last within 180 days after the petition date.[8]

## I. Standard for Reconsideration.

Under Rule 60(b), made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024,[9] a court may grant relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[10]

Relief under Rule 60(b) is an extraordinary remedy,[11] and for the reasons that follow, Ms. Garcia has not shown that she is entitled to it.

## II. Two-Prong Test.

Under 28 U.S.C. § 1930(f)(1), a bankruptcy court "may waive the filing fee" in a chapter 7 case for an individual if the court determines that the individual "has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved *and* is unable to pay that fee in installments."[12] The motion

[8] *Id.*
[9] *In re Nieves Guzmán*, 567 B.R. 854, 862 (B.A.P. 1st Cir. 2017).
[10] Fed. R. Civ. P. 60(b).
[11] *Trump v. Cable News Network, Inc.*, 2023 WL 8433599, at *1 (S.D. Fla. Dec. 5, 2023) (quoting *Holland v. Florida*, 2007 WL 9705926, at *1 (S.D. Fla. June 26, 2007)).
[12] 28 U.S.C. § 1930(f)(1) (emphasis added).

itself recognizes that the standard has two parts, joined by "and."[13] That conjunction is the end of the matter.

Because the statute uses "and" rather than "or," a debtor must satisfy both requirements. A debtor whose income is below the threshold is still not eligible for a waiver unless she also cannot pay the fee in installments. And a debtor whose income is at or above the threshold is not eligible at all, however difficult installment payments may be for her. Even when both requirements are met, the statute says the court "may" waive the fee, so a waiver remains discretionary.

Ms. Garcia's special circumstances – her rent arrears, the termination notice, her recent unemployment, and her receipt of SNAP benefits – bear on the second requirement: whether she can pay the fee in installments. The Court does not doubt that her circumstances are difficult – she would likely not have filed for bankruptcy otherwise. But those circumstances do not supersede the income requirement, which the statute makes a precondition to any waiver. She reported on her application net monthly income of $4,523.00, which exceeds the $3,415.00 threshold for a family of three. Because she did not satisfy the income requirement, the Court had no occasion to reach the second requirement, and the special circumstances information could not change the outcome. Reading the statute as the motion urges would effectively replace "and" with "or."

---

[13] Motion at ¶ 7.

## III. Additional Information as to Income.

Ms. Garcia also explains in her motion that the $4,523.00 figure was an estimate of a full month's gross pay at a job Ms. Garcia had held for only two weeks at the time of filing and that she intends to file an amended Schedule I once she receives paychecks reflecting payroll deductions.[14]

This, however, does not establish grounds for reconsideration. The Court ruled on the application as it was filed, and the application reported $4,523.00 as net monthly income. The facts the motion now describes – that Ms. Garcia had recently started her job and had not yet been paid – were known to her when she filed the application. This is not newly discovered evidence.[15] Nor does the motion say what her net income actually is or will be after deductions. No amended application or amended Schedule I has been filed, and the motion's statements are not themselves evidence. Accordingly, this information regarding Ms. Garcia's income does not constitute grounds for reconsideration under Rule 60(b).

## IV. The Scrivener's Error.

The motion does correctly note that the Order's first sentence refers to the application of "pro se debtor Shirley Sterling." That reference is a scrivener's error. The error did not affect the consideration of Ms. Garcia's application or the substance of the Order. The household size and income figure the Court relied on in the Order – a family of three and net monthly income of $4,523.00 – are the figures from Ms. Garcia's application.

---

[14] *Id.* at ¶ 3.
[15] *See* Fed. R. Civ. P. 60(b)(2).

Rule 60(a), made applicable by Bankruptcy Rule 9024, permits a court to "correct a clerical mistake . . . whenever one is found in a judgment, order, or other part of the record," on motion or on its own. The Order is therefore deemed amended to correct the reference, as set out below.

## V. Requested Alternative Relief.

Alternatively, Ms. Garcia asks that the fee be payable in four installments, with the first due within 60 days and the last within 180 days after the petition date. Bankruptcy Rule 1006(b)(2) permits no more than four installments. The final installment must ordinarily be paid within 120 days after the petition is filed, but the court may extend that time for cause, to no later than 180 days after filing. Here, 180 days is April 16, 2027. The Court finds good cause to grant that request as set forth below.

For the reasons discussed above, it is

**ORDERED** that:

1. The motion to reconsider is **GRANTED IN PART AND DENIED IN PART.**

2. The motion to reconsider is **GRANTED** as to Ms. Garcia's alternative request to modify the installment schedule. Paragraph 2 of the Order[16] is modified so that Ms. Garcia must pay the $338.00 chapter 7 filing fee as follows:

   a. $84.50 on or before December 15, 2026;

   b. $84.50 on or before January 29, 2027;

[16] Dkt. No. 10.

c. $84.50 on or before March 12, 2027; and

d. $84.50 on or before April 14, 2027.

3. The motion to reconsider is otherwise **DENIED**.

4. Paragraphs 1, 3, and 4 of the Order remain in effect. If Ms. Garcia fails to timely pay the filing fee in full or to timely make any installment payment, the Court may dismiss this case without further notice.

5. Under Federal Rule of Civil Procedure 60(a), made applicable by Federal Rule of Bankruptcy Procedure 9024, the Order is **DEEMED AMENDED** so that its first sentence reads: "This matter came before the Court upon debtor Elba Esther Garcia's *Application for Waiver of Chapter 7 Filing Fee*."

###

Copies furnished to:

Chad P. Pugatch, Esq., who is directed to serve copies of this order upon required parties and file a certificate of service with the Court pursuant to Local Rule 9036-2.